## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAQUILLE O. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-24-67-SLP |
| FNU GREER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### **O R D E R**

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Amanda L. Maxfield [Doc. No. 33]. The R&R recommends dismissal of this action without prejudice for failure to submit the paperwork necessary for service (i.e., two copies of the Complaint) in accordance with the Magistrate Judge's prior order. *Id.* at 3-5. On June 27, 2025, Plaintiff timely filed an objection to the R&R [Doc. No. 34] and filed a Motion [Doc. No. 35] requesting a 30-day extension of time to mail copies of his complaint for purposes of service. As set forth below, the Court finds Plaintiff has failed to make a proper objection to the R&R, but that his Motion for additional time should be granted in part.

### I.   **Background**

As fully set forth in the R&R, the Magistrate Judge directed Plaintiff to complete service paperwork on October 25, 2024 and advised that he had 90 days to accomplish service. [Doc. No. 33] at 2. After failed attempts by the United States Marshals Service (USMS) to serve Defendant Greer at the Lawton Correctional Facility and at her current

place of employment, the Magistrate Judge granted Plaintiff a 30-day extension of his service deadline. *Id.* at 2-3. Plaintiff then filed a letter requesting direction on how to serve Defendants because he only knew the address of Lawton prison where the events alleged in this case occurred. *Id.* at 3. The Magistrate Judge then sent Plaintiff two new sets of service paperwork, ordering him to fill them out and return them to the Court Clerk immediately along with a copy of the Complaint for each Defendant.[1] *Id.*

Plaintiff returned the completed service paperwork but failed to include copies of the Complaint. *Id.* The Magistrate Judge ordered Plaintiff to immediately provide copies of the Complaint and extended his deadline to accomplish service to June 5, 2025. *Id.*; *see also* Order [Doc. No. 32]. The Magistrate Judge warned Plaintiff that "[t]he Court [would] grant no more extensions for completion of service" and that failure to complete service by the deadline may result in the dismissal of the action. *Id.* Plaintiff failed to do so, and the Magistrate Judge entered the R&R recommending dismissal without prejudice for failure to prosecute and failure to comply with the Court's Orders. *See id.*

## II.  Plaintiff's Objection

Plaintiff's Objection [Doc. No. 34] fails to address the subject of the R&R: service issues, failure to prosecute, and failure to comply with Court Orders. *See id.* Instead, Plaintiff discusses the facts that comprise his claim and makes legal arguments regarding the merits of his claims. *See id.* This is not a proper objection to the R&R, and Plaintiff

---

[1] The Magistrate Judge instructed the USMS to "present [the] Order to the relevant LCF officers, who shall provide the USMS with the last known residential address of any Defendant not presently employed at LCF." *Id.*

has therefore failed to preserve an issue for de novo review. *See United States v. One Parcel of Real Property, Known As: 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court. . .").

### III. Motion for Extension of Time

In his Motion [Doc. No. 35], Plaintiff requests a 30-day extension of time to provide copies of the Complaint. Plaintiff states that he forgot to include the copies of his Complaint and asks the Court to forgive his "lack of understanding in dealings with this civil claim." *See id.* at 2. Based on Plaintiff's representations, the Court will grant him one final extension of time to provide copies of the Complaint.[2]

Because the time requested is excessive and Plaintiff has now had more than nine months to accomplish service, however, Plaintiff must provide copies of the Complaint within twenty-one (21) days from the date of this Order: i.e., by August 18, 2025.[3] Plaintiff is warned, again, that failure to timely provide copies of the Complaint will result in dismissal of this action without prejudice.

### IV. Conclusion

IT IS THEREFORE ORDERED as follows:

---

[2] Plaintiff also states that he does not actually intend to sue the individual Defendants he named in this action, only the "Lawton prison." *See id.* But Plaintiff did not name the facility as a defendant in this action, and he has not at any point requested leave to amend during the seven months he has spent attempting to serve the individual Defendants.

[3] Plaintiff does not explain why he needs thirty days to provide copies of the complaint where he was able to file his Objection and his Motion within seventeen days of R&R. *See id.*

1. Plaintiff Motion [Doc. No. 35] is GRANTED IN PART as set forth above.

2. The Court declines to adopt the R&R [Doc. No. 33].

3. Plaintiff must provide copies of the Complaint to the Clerk of Court on or before August 18, 2025. Failure to do so will result in dismissal of this action without prejudice.

4. Upon receipt of copies of the Complaint by the Clerk of Court, the Court will sua sponte extend Plaintiff's deadline to accomplish service.

IT IS SO ORDERED this 28th day of July, 2025.

*[Signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE