IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAQUILLE O. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-67-SLP |
| FNU GREER, et al., | ) ) |
| Defendants. | ) ) ) |

**O R D E R**

This matter is before the Court pursuant to its July 28, 2025 Order [Doc. No. 36] granting Plaintiff an extension of time to provide copies of the Complaint for service. As set forth below, Plaintiff has failed to comply with the Court's Order, which warrants dismissal of this action. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

As fully set forth in the July 28 Order, the Magistrate Judge recommended dismissal of this action for failure to prosecute and failure to comply with her Order [Doc. No. 32] to provide copies of the Complaint and accomplish service by June 5, 2025. *See* July 28 Order [Doc. No. 36] at 1-3. Nevertheless, the Court granted Plaintiff's Motion [Doc. No. 35] for an extension of time provide copies of the Complaint and extended his deadline to August 18, 2025. *See* Order [Doc. No. 36] at 3. The Court stated that this would be the

"final extension" and further warned Plaintiff that "failure to timely provide copies of the Complaint will result in dismissal of this action without prejudice." *Id.* at 3-4.

The Clerk of Court received a document mailed by Plaintiff on or about August 22, 2025. It is unclear what the document is intended to be, but it is clearly not a copy of the Complaint [Doc. No. 1].[1] Although the first few pages appear to be part of a complaint on the Court's pro se form, they are not copies of the Complaint [Doc. No. 1] filed in this action, and they are incomplete. The remaining pages appear to be documents from a prison grievance process. Plaintiff has not filed, mailed, or otherwise submitted anything since then.

Accordingly, Plaintiff has failed to comply with the Court's July 28 Order [Doc. No. 36], which warrants dismissal of this action without prejudice. Where the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Casper v. DiSalvo*, 2024 WL 639389, at *3 (10th Cir. Feb. 15, 2024) (district court may, without abusing its discretion, dismiss a case without prejudice without attention to any particular procedures).[2]

---

[1] Although the Clerk of Court does not ordinarily file copies of complaints provided for service, the Court directs the Clerk of Court to do so here because the document Plaintiff mailed is the subject of this dismissal order.

[2] To the extent any of Plaintiff's claims would be time barred if refiled and the dismissal is considered equivalent to a dismissal with prejudice, the Court notes that none of the relevant criteria weigh against dismissal. *See Nasious*, 492 F.3d at 1162 (discussing the following criteria relevant to dismissal with prejudice: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions). This case has been stalled more than nine

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE.  A separate judgment shall be entered contemporaneously herewith.

IT IS FURTHER ORDERED that the Clerk of Court shall file the document received in the mail from Plaintiff on or about August 22, 2025.

IT IS SO ORDERED this 9th day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

months due to service issues, during which time Plaintiff has been repeatedly warned that the action would be dismissed if he failed to comply with orders regarding service.  Plaintiff has sought additional time to provide copies of the complaint, but he has not stated he is unable to do so.  Accordingly, the second, third, fourth, and fifth factor weigh in favor of dismissal.